## RYKER *v.* McELROY.

PRIVATE WAYS.—Upon the petition of A to the board of county commissioners a private way was established over the land of B, to be opened and maintained by A at his own expense. The damages assessed in favor of B were paid into court and withdrawn by him. Three years afterwards, and before the road had been opened, B, upon petition to the board of commissioners, obtained an order changing the location of the road, and establishing it upon the line between him and an adjoining proprietor. Suit by A to have the order changing the location of the way declared void, &c.

*Held,* that under the statute the owner of the land over which a private way is located may petition for a change of location.

*Held,* also, that as the road, as first located, had never been opened, the statute which requires the person asking for a change of location to put the new way in as good condition as the old, could not apply.

*Held,* also, that the complaint stated no cause of action.

APPEAL from the *Jefferson* Circuit Court.

RAY, J.—The error assigned in this case is the sustaining of a demurrer to the complaint. The averments of the complaint are, that the appellant filed his petition before the board of county commissioners to have a private way opened over the land of the appellee. The petition was granted, and on appeal to the Circuit Court the way was ordered to be opened, and the damages assessed at sixty-five dollars, and the cost of opening the way and maintaining the same was to be upon the appellant. The money was paid into court, and was withdrawn by the appellee. Some three years afterwards, and before the way was opened, the appellee filed his petition before the board of county commissioners for a change of the way, so that it should be laid out on the line dividing the appellee's land from the land of an adjoining proprietor. This petition was granted. There is an allegation that this change of location was procured by fraud, but the facts which constituted the fraud are not stated, nor is it alleged that the new way, as located, will not cause injury to the property of the appellee to the full amount of the sum already paid for the

original location. The prayer is that the proceedings of the county commissioners ordering the change of the location of the way be declared void for want of jurisdiction, and that the appellee be restrained from preventing· the appellant from opening the way as ordered by the Circuit Court on appeal.

The act approved *March* 9, 1861, amending the 49th section of "an act to provide for the opening, vacating and change of highways," approved *June* 17, 1852, provides that "any person or persons may have a private road laid out, changed or vacated, upon presenting a,. petition praying therefor, signed by the person or persons asking for the same, to the board of commissioners of the county in which such petitioner or petitioners may reside, under regulations now provided by law for the location, change or vacation of public highways, so far as such regulations are or may be applicable." Acts 1861, p. 131.

The language of this section clearly authorizes the application for the change of a private way to be made by the person over whose land the road is located. He certainly is interested in the matter. This clearly gave the county commissioners jurisdiction of the case. There is an additional provision in the section cited of the above act, requiring that the petitioner asking for the road shall open and keep the same in repair at his own expense. By the twenty-fourth section of the "act to provide for the opening, vacating and change of highways," approved *June* 17, 1852, (1 G. & H. 364,) it is provided "that whenever any person shall procure the establishment of a highway, private or public, by change of one already established on or across his own land, before the same shall be received by the proper supervisor as such, it shall be made as passable as the old highway, or as nearly so as the nature of the case will admit." Giving effect to this provision so far as it is applicable, it would be the duty of the person who asked for the change of location to put the new way in as good condition for travel as the old. It appears by the com-

plaint, however, that the old way had never been opened. It cannot therefore be required of the party applying for the change to put the new way in repair. As it does not appear by the complaint that the appellee has prevented the appellant from opening the highway one-half of the full width upon his land, we do not see that the complaint states any cause of action. The appellee expresses a doubt as to the constitutionality of the law, which he insists condemned private property for private use, but as the re-location was made upon his own petition, it can hardly be expected that we will consider that question.

The judgment is affirmed, with costs.

*C. E. Walker*, for appellant.

*H. W. Harrington, C. A. Korbley, T. A. Hendricks, O. B. Hord*, and *A. W. Hendricks*, for appellee.